# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| FATBOY THE ORIGINAL B.V. and FATBOY USA, LLC<br><br>Plaintiffs,<br><br>v.<br><br>VALUE MAX PRODUCTS LLC<br><br>Defendant. | Civil Action No. _____ |

## ORIGINAL COMPLAINT

Plaintiffs Fatboy the Original B.V. ("Fatboy") and Fatboy USA, LLC ("Fatboy USA" and, together with Fatboy, "Plaintiffs"), for their Complaint against Defendant Value Max Products LLC ("Value Max" or "Defendant"), allege as follows:

## SUBSTANCE OF THE ACTION

1.    Fatboy is the owner of all rights worldwide in the wildly popular LAMZAC THE ORIGINAL inflatable lounger (the "LAMZAC Lounger"), the design of which is covered by U.S. Patent No. D764,823 (the "LAMZAC Lounger Patent").  Fatboy also is the owner of all copyrights to all marketing materials associated with the LAMZAC Lounger.  Fatboy USA has a license from Fatboy to use the foregoing intellectual property rights in the United States.  The claims asserted herein arise out of Defendant's brazen and willful infringement of the LAMZAC Lounger Patent and the copyright in certain LAMZAC Lounger marketing materials.

2.    Plaintiffs bring claims for patent infringement under Section 271 of the U.S. Patent Act, 35 U.S.C. § 271, for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for unfair competition under Texas law.  In addition, Fatboy brings a claim for

copyright infringement under Sections 106 and 501 of the U.S. Copyright Act of 1976, 17 U.S.C. §§ 106, 501, and claims for removal of copyright management information and use of false copyright management information in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

3.    Plaintiffs seek injunctive relief to stop Defendant's unlawful distribution, and sale of its infringing product as well as its unlawful use of LAMZAC Lounger marketing materials. Plaintiffs also seek monetary relief in an amount sufficient to compensate for their loss, an accounting and award of Defendant's total profits flowing from its infringing activities; statutory damages under Section 1203 of the DMCA; prejudgment interest; costs and attorneys' fees; and all other relief the Court deems just and proper.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121; under Section 501 of the Copyright Act, 17 U.S.C. § 501; and under Sections 1331, 1332 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1332, 1338(a) & (b).  Supplemental jurisdiction exists over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

5.    This Court has personal jurisdiction over Defendant pursuant to Texas Civil Practice and Remedies Code § 17.042 because, upon information and belief, (i) Defendant regularly does and solicits business within the State of Texas; (ii) Defendant has engaged in the marketing, promotion, advertising and offering for sale of its infringing product within the State of Texas, including shipping its infringing product into the State of Texas; and (iii) Defendant has committed torts in the State of Texas, namely the marketing, promotion, advertising, sale and/or offering for sale of its infringing product in Texas in violation of Plaintiffs' rights.

6.      Venue is proper under Sections 1391(b) and 1400 of the Judicial Code, 28 U.S.C. §§ 1391(b), 1400, because a substantial part of the events giving rise to the claims occurred in this district, including Defendant selling its infringing product in this district and/or shipping its infringing product into this district.

## THE PARTIES

7.      Plaintiff Fatboy the Original B.V. is a limited liability company organized and existing under the laws of the Netherlands, having a place of business at De Steenbok 19 Den Bosch, 5215 MG Netherlands.

8.      Plaintiff Fatboy USA, LLC is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business at 875 West Sandy Lake Road, #100, Coppell, TX 75019.

9.      Upon information and belief, Defendant Value Max Products LLC is a limited liability company organized and existing under the laws of the State of Michigan, with its principal place of business in Coldwater, Michigan.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

I.      **THE LAMZAC LOUNGER**

10.   Mr. Marijn Oomen, a resident of the Netherlands, is the designer of the LAMZAC Lounger, an inflatable lounger that is filled with air by means of "air scooping."  During "air scooping," an opening reinforced with ribs is held open and a scooping movement is made, so the bag fills with air.  The opening is then folded together and the air stays caught in the bag.

11.   Sample views of the LAMZAC Lounger as shown in the LAMZAC Lounger Patent are shown below:



12. Mr. Oomen assigned to Fatboy all of his intellectual property rights relating to the LAMZAC Lounger, including without limitation, his rights in the LAMZAC Lounger Patent and the copyrights in all marketing materials for LAMZAC Lounger.

13. The LAMZAC Lounger was launched for commercial sale in February 2015. It became an immediate sensation in Europe. Sales in the United States commenced soon thereafter, and were met with similar immediate success. The LAMZAC Lounger is currently available for sale in the United States on Fatboy USA's website at www.fatboyusa.com and via various retail outlets and online channels.

A.      **The LAMZAC Lounger Patent**

14. Fatboy is the owner of the LAMZAC Lounger Patent, U.S. Patent No. D764823, which covers the design of the LAMZAC Lounger and which issued on August 30, 2016. A copy of the LAMZAC Lounger Patent is attached hereto as **Exhibit A**.

15. The LAMZAC Lounger Patent claims a priority date of January 28, 2015, based on Fatboy's Registered European Community Design No. 002621904-0001 covering the LAMZAC Lounger design.

B.      **Fatboy's Copyrights in the LAMZAC Marketing Material**

16.    Fatboy obtained by assignment from Mr. Oomen copyright in and to all marketing materials concerning the LAMZAC Lounger, including without limitation photographs and videos of the LAMZAC Lounger.  The marketing materials were authored and first published in Europe.  Fatboy USA, as Fatboy's licensee, subsequently used these marketing materials in connection with the advertisement, promotion, and sale of the LAMZAC Lounger in the United States.

## II.      DEFENDANT'S UNLAWFUL ACTIVITIES

17.   Upon information and belief, Defendant has manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported an inflatable lounger called the "Aero Lounger" with a design that is substantially the same as the design of the LAMZAC Lounger (the "Infringing Product").  Examples of images of the Infringing Product are shown below:



18.  Upon information and belief, in connection with the promotion and sale of the Infringing Product and without Plaintiffs' authorization, Defendant has displayed copies,

including digitally-altered versions, of Plaintiffs' LAMZAC Lounger marketing materials, as shown below and in **Exhibit B** hereto:

| **Fatboy Original Images** | **Defendant's Copied Images** |
|---|---|

 

 

Fatboy's marketing materials depicted above shall be collectively referred to as the "LAMZAC Marketing Materials" and Defendant's marketing materials shown above and in **Exhibit B** shall collectively be referred to as the "Infringing Marketing Materials"

19. Upon information and belief, Defendant has previously used the Infringing Marketing Materials on its website and on print advertising. Through this conduct, Defendant has falsely represented that Plaintiffs' proprietary LAMZAC Marketing Materials depict Defendant's Infringing Product.

20. Upon information and belief, Defendant's activities set forth above have caused substantial consumer confusion, with many consumers mistakenly believing that the Infringing

Product is being offered by Plaintiffs or is a genuine LAMZAC Lounger.  As such, Defendant's infringement is damaging Plaintiffs' reputation.

21.     Defendant is not related to or affiliated with Plaintiffs in any way.  Defendant has not sought or received a license or authorization from Plaintiffs for any purpose whatsoever, including for the acts described herein.

22.     Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiffs and their business and goodwill unless restrained by this Court.

**FIRST CLAIM FOR RELIEF:**
**DESIGN PATENT INFRINGEMENT**
**IN VIOLATION OF 35 U.S.C. § 271 (Patent No. D764,823)**
**(Asserted By Both Plaintiffs Against Defendant)**

23.  Plaintiffs repeat and incorporate by reference the foregoing allegations as if fully set forth herein.

24.     U.S. Patent No. D764,823 is valid and subsisting.

25.     Upon information and belief, Defendant, without authorization from Plaintiffs, has distributed, advertised, promoted, offered for sale and sold the Infringing Product, the design of which is substantially the same as the design set forth in U.S. Design Patent No. D764,823, and embodies the design protected by such patent.

26.     Defendant's Infringing Product appropriates the novel ornamental features set forth in U.S. Patent No. D764,823 such that an ordinary observer, giving such attention as a purchaser usually gives, would find Plaintiffs' and Defendant's designs to be substantially the same and would find the two designs to resemble each other sufficiently to be deceived and to be induced to purchase one supposing it to be the other.

27.   By the foregoing acts, Defendant has directly infringed, infringed under the doctrine of equivalents, contributorily infringed, and/or induced infringement of, and continue to so infringe, U.S. Patent No. D764,823.

28.   Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith, and with knowledge of Plaintiffs' rights.

29.   Defendant's conduct violates Section 271 of the Patent Act, 35 U.S.C. § 271, and has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

**<ins>SECOND CLAIM FOR RELIEF</ins>:**
**UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)**
**(Asserted By Both Plaintiffs Against Defendant)**

30.   Plaintiffs repeat and incorporate by reference the foregoing allegations as if fully set forth herein.

31.   Defendant's use of the Infringing Marketing Materials in connection with the advertising, promotion and sale of their Aero Lounger product is likely to cause consumers to believe erroneously that Defendant's Infringing Product is the same as or comes from the same source as Plaintiffs' LAMZAC Lounger.

32.   Defendant's acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.   Upon information and belief, Defendant's conduct is willful and deliberate and done with an intent to misappropriate the benefit of Plaintiffs' goodwill.

34.   Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiffs and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court.

35.     Plaintiffs have no adequate remedy at law.

### THIRD CLAIM FOR RELIEF:
### COMMON LAW UNFAIR COMPETITION UNDER TEXAS LAW
**(Asserted By Both Plaintiffs Against Defendant)**

36.  Plaintiffs repeat and incorporate by reference the foregoing allegations as if fully set forth herein.

37.  Defendant's aforesaid conduct constitutes common law unfair competition with Plaintiffs under the common law of the State of Texas.

38.  Defendant's aforesaid conduct of common law unfair competition has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF:
### COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501
**(Asserted By Fatboy against Defendant)**

39.  Fatboy repeats and incorporates by reference the foregoing allegations as if fully set forth herein.

40.  The LAMZAC Marketing Materials are original and creative works of visual art that were authored in the Netherlands and are protected under U.S. Copyright Law.  Fatboy is the owner by assignment of all rights under U.S. copyright in the LAMZAC Marketing Materials.

41.  Defendant, without Plaintiffs' authorization or consent, has advertised, reproduced, and/or displayed the Infringing Marketing Materials on Defendant's website and in printed advertising material.

42.  Defendant had access to the LAMZAC Marketing Materials.

43.  Defendant has violated and, upon information and belief, continues to violate, Fatboy's exclusive rights in the LAMZAC Marketing Materials under Section 106 of the

Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

44.   Defendant's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

45.   Defendant's infringement of Fatboy's exclusive rights in the LAMZAC Marketing Materials has caused Fatboy damage, and has enabled Defendant to profit illegally therefrom.

46.   Defendant's copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Fatboy to sustain irreparable damage, loss and injury, for which Fatboy has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF:**
**VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT, 17 U.S.C. § 1202**
**(Asserted By Fatboy Against Defendant)**

47.   Fatboy repeats and incorporates by reference the foregoing allegations as if fully set forth herein.

48.   Defendant has intentionally removed copyright management information ("CMI")—namely, the LAMZAC and FATBOY marks and names—from the LAMZAC Marketing Materials.

49.   Defendant has intentionally used false CMI—namely, the AERO LOUNGER mark and name—in connection with the Infringing Marketing Materials.

50.   Upon information and belief, Defendant removed CMI and/or used false CMI in order to facilitate or conceal its infringement of the LAMZAC Marketing Materials.

51.   Defendant has violated and, upon information and belief, continues to violate, the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

52.     Defendant's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

53.      Defendant's violation of the DMCA has caused Fatboy damage, and has enabled Defendant to profit illegally therefrom.

54.     Defendant's infringement has caused, and unless enjoined by this Court, will continue to cause Fatboy to sustain irreparable damage, loss and injury, for which Fatboy has no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1.     Permanently enjoining and restraining Defendant, its agents, servants, employees, successors, and assigns and all those in active concert or participation with it, from:

(a)   Infringing or inducing infringement of the LAMZAC Lounger Patent;

(b)   Engaging in any activity constituting unfair competition with Plaintiffs, including performing any act which can, or is likely to, mislead members of the public or the trade to believe that a product or service offered by Defendant is in any manner made by, associated or connected with Plaintiffs, or sponsored, approved or authorized by Plaintiffs

(c)   Infringing the LAMZAC Marketing Materials, including, without limitation, by reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing or exporting the Infringing Marketing Materials or any other works copied or derived from the LAMZAC Marketing Materials;

(d)     Removing or altering any CMI from, or providing or distributing any false CMI in connection with, the LAMZAC Marketing Materials; and

(e)     Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(d) above, inclusive.

2.    Directing that Defendant turn over to Plaintiffs for impoundment and eventual destruction, without compensation to Defendant, all materials in its possession or control that violate the provisions of paragraph 1(a) above, along with all articles by means of which such unauthorized copies may be reproduced.

3.    Directing that Defendant, at its own expense, recall from any distributors, retailers, vendors, or others to whom it has distributed materials that violate the provisions of paragraph 1(a)-(d) above, and that Defendant deliver up to Plaintiffs for destruction all materials returned to it.

4.    Directing that Defendant file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

5.    Awarding Plaintiffs all damages sustained as a result of Defendant's infringement described above, together with appropriate interest thereon and that such sums be trebled.

6.    Awarding Plaintiffs the total profits realized by Defendant from its infringement described above.

7.    If Plaintiffs so elect, and as the Court considers just, awarding Plaintiffs statutory damages of up to $25,000 per violation of the DMCA pursuant to 17 U.S.C. § 1203(c)(3)(B).

8.    Granting Plaintiffs punitive damages.

9.    Granting Plaintiffs their full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 1203(b)(4)-(5), and 35 U.S.C. § 285.

10.  Granting Plaintiffs both pre-judgment and post-judgment interest on each and every monetary award.

11.  Granting Plaintiffs such other and further relief as the Court may consider equitable, just and proper.

JACKSON WALKER, LLP

Dated:  September 2, 2016           By: /s/ John M. Jackson_____
                                        John M. Jackson
                                        Texas State Bar No. 24002340
                                        JACKSON WALKER, LLP
                                        2323 Ross Avenue, Suite 600
                                        Dallas, TX  75201
                                        jjackson@jw.com

                                        David Donahue (*pro hac vice* forthcoming)
                                        Jason D. Jones (*pro hac vice* forthcoming)
                                        FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                                        866 United Nations Plaza
                                        New York, New York 10017

                                        *Attorneys for Plaintiffs*